UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARY AIAD AGAIBY HAROWN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:20-cv-01029 ) Judge Trauger |
| AMAZON, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM

Plaintiff Mary Aiad Agaiby Harown, a Tennessee resident, filed a pro se complaint against Amazon[1] under the Americans with Disabilities Act of 1990 ("ADA"). (Doc. No. 1.) She also filed an application to proceed as a pauper. (Doc. No. 2.) The case is now before the court for a ruling on the application and initial review of the complaint.

**I.     Application to Proceed as a Pauper**

The court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). The plaintiff, a 43-year old woman with three children, is unemployed. (Doc. No. 2.) According to the application, the plaintiff's disability payments ended in August 2020. (*Id.* at 3.) Although the plaintiff's spouse is employed, the total family income is significantly exceeded by basic expenses. (*Id.* at 5-6.) Finally, the plaintiff reports no significant assets. (*Id.* at 2, 4.) It therefore appears that the plaintiff cannot presently pay the full civil filing fee in advance without undue hardship. Accordingly, the application will be granted.

---

[1] Although the plaintiff names the defendant as "Amazon (Warehouse)" in the caption of the complaint, she identifies the defendant as "Amazon" in (1) the sections of the complaint for information about the defendant and her place of employment and (2) the factual allegations. (*See* Doc. No. 1 at 1-3, 9.) Accordingly, the court concludes that the plaintiff intended to bring this action against "Amazon."

## II.    Initial Review of the Complaint

The court must conduct an initial review of the complaint and dismiss any action filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e).").

### A.    Standard of Review

In reviewing the complaint, the court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The court must then consider whether those factual allegations "plausibly suggest an entitlement to relief," *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true "unwarranted factual inferences," *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)), and "legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Even under this

2

lenient standard, however, pro se plaintiffs must meet basic pleading requirements and are not exempted from the requirements of the Federal Rules of Civil Procedure. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (explaining the role of courts is not "to ferret out the strongest cause of action on behalf of pro se litigants" or to "advis[e] litigants as to what legal theories they should pursue").

**B.     Factual Background**[2]

The plaintiff alleges that she worked at an Amazon warehouse "getting items off the cart and put[ting them] on the table" for shipment. (Doc. No. 1 at 9.) The items "were big and weighed a lot." (*Id*.) Amazon required the plaintiff to "work fast" and "do 170 an hour" to keep her job. (*Id*.) After performing this work, the plaintiff started feeling back pain. (*Id*.)

The plaintiff found out that there was "pressure on her back nerves" (*id*.), and she was diagnosed with multilevel degenerative spondylosis. (*Id*. at 7, 10.) The plaintiff's doctor instructed the plaintiff to reduce her workload from 40 to 24 hours per week. (*Id*. at 9.) However, the plaintiff could not work 24 hours per week because the pain was "miserable." (*Id*.) The plaintiff subsequently obtained a doctor's note for medical leave for back surgery. (*Id*.) However, the surgery did not resolve the pain. (*Id*.) The plaintiff's doctor prescribed her pain medication, and the plaintiff became depressed. (*Id*.) During this time, Amazon fired the plaintiff. (*Id*.)

**C.     Discussion**

The court first addresses the timeliness of the plaintiff's ADA claims. A plaintiff must file a civil lawsuit within 90 days of receiving the right-to-sue notice from the EEOC demonstrating the exhaustion of administrative remedies. *See McGhee v. Disney Store*, 53 F. App'x 751, 752 (6th

---

[2] The complaint is not a model of clarity. The plaintiff has submitted a form complaint, a brief attached factual summary, and two doctor's reports. (*See* Doc. No. 1.) As required, the court has liberally construed these submissions.

3

Cir. 2014) (citing 42 U.S.C. § 12117(a)) (discussing the 90-day requirement in the context of the ADA). There is a presumption that a plaintiff "receives the EEOC's [right-to-sue] letter by the fifth day after the indicated mailing date." *Fuller v. Mich. Dep't of Transp.*, 580 F. App'x 416, 424 (6th Cir. 2014) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000)). Here, the plaintiff has satisfied the administrative exhaustion requirement by submitting the right-to-sue notice that she received from the EEOC. (Doc. No. 1-1.) The notice is dated September 22, 2020, so the court presumes the plaintiff received it by September 27, 2020. (*Id*.) The Court received the complaint on November 30, 2020, within the 90-day window. (Doc. No. 1 at 1). Accordingly, the plaintiff's ADA claims are timely.

Turning to the merits, the complaint specifies that the plaintiff intends to bring claims under the ADA for termination of employment and failure to accommodate. (*Id*. at 3-4.) The plaintiff specifies that Amazon discriminated against her based upon a "lumbar" disability (*id*. at 4), which the Court liberally construes to mean the aforementioned multilevel degenerative spondylosis.

The ADA prohibits covered employers from discriminating against a "qualified individual on the basis of disability" with regard to hiring, advancement, training, termination, employee compensation, and "other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). For a claim of disability discrimination, the plaintiff must demonstrate that: (1) she is disabled; (2) she is otherwise qualified for the position, with or without reasonable accommodation; (3) she suffered an adverse employment action; (4) Amazon knew or had reason to know of her disability; and (5) her position remained open while Amazon sought other applicants or replaced her. *Babb v. Maryville Anesthesiologists P.C.*, 942 F.3d 308, 320 (6th Cir. 2019); *Ferrari v. Ford Motor Co.*, 826 F.3d 885, 891-92 (6th Cir. 2016). Discrimination also includes a failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual

with a disability . . . unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of [the employer]." *Brumley v. United Parcel Serv., Inc.*, 900 F.3d 834, 839 (6th Cir. 2018) (citing 42 U.S.C. § 12112(b)(5)(A)). To state an ADA failure-to-accommodate claim, the plaintiff must demonstrate that: (1) she was disabled within the meaning of the ADA; (2) she was otherwise qualified for his position, with or without reasonable accommodation; (3) Amazon knew or had reason to know about his disability; (4) she requested an accommodation; and (5) Amazon failed to provide the necessary accommodation. *Id.* (citing *Deister v. Auto Club Ins. Ass'n*, 647 F. App'x 652, 657 (6th Cir. 2016); *Johnson v. Cleveland City Sch. Dist.*, 443 F. App'x 974, 982-83 (6th Cir. 2011)).

However, the plaintiff need not establish all of these elements at this stage. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Wallace v. Edward W. Sparrow Hosp. Ass'n*, 782 F. App'x 395, 404 (6th Cir. 2019). So long as the complaint alleges that the plaintiff was disabled or regarded as disabled and was otherwise qualified for her position, the plaintiff need only "give [Amazon] fair notice of what h[er] claim is and the grounds upon which it rests." Morgan v. St. Francis Hosp., No. 19-5162, 2019 WL 5432041, at *1 (6th Cir. Oct. 3, 2019) (ADA discrimination claim) (citing *Swierkiewicz*, 534 U.S. at 512; *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The court finds that the plaintiff adequately pleads ADA claims. Read broadly, the complaint alleges that the plaintiff could perform her work at Amazon; she became unable to perform her work at Amazon due to pain from a degenerative back condition; she requested accommodations to reduce hours and take leave to have surgery to remediate the pain; the surgery was not immediately successful; and Amazon terminated the plaintiff while she was still in pain and being medicated after surgery. Thus, the complaint alleges that the plaintiff was qualified for her position and became disabled. Furthermore, the complaint contains other factual matter

sufficient to give Amazon fair notice of the contours of plaintiff's ADA discrimination and failure-to-accommodate claims. The plaintiff will eventually have to adduce evidence to support the elements of the prima face case for each claim. For now, however, the colorable ADA claims may proceed past initial review.

**III. Conclusion**

For these reasons, the court concludes that the plaintiff has stated non-frivolous discrimination claims under the ADA based upon termination and failure to accommodate.

An appropriate order will enter.

Aleta A. Trauger
United States District Judge