IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARY AIAD AGAIBY HAROWN, )<br>    Plaintiff, )<br>     )<br>v. )<br>     )<br>AMAZON (Warehouse), )<br>    Defendant. ) | Case No. 3:20-cv-01029<br>Judge Trauger / Frensley |

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

This matter is before the Court upon Defendant's Motion for Summary Judgment. Docket No. 42. Along with its Motion, Defendant has contemporaneously filed a supporting Memorandum of Law (Docket No. 43), a Statement of Undisputed Material Facts (Docket No. 44), the Declaration of Angela Lott with Exhibits (Docket No. 42-1), excerpts from Plaintiff's Deposition with Exhibits (Docket No. 42-2), a copy of Plaintiff's Complaint (Docket No. 42-3), Defendant's First Requests for Admissions to Plaintiff (Docket No. 42-4), and Plaintiff's supplemental filing (Docket No. 42-5, *referencing* Docket No. 7). The Plaintiff has filed a response in opposition. Docket No. 45

For the reasons set forth below, the undersigned finds that there are no genuine issues of material fact, and that Defendant is entitled to a judgment as a matter of law on Plaintiff's claims under ADA. The undersigned therefore recommends that Defendant's Motion for Summary Judgment (Docket No. 42) be **GRANTED**. In light of the foregoing, the undersigned recommends that this action be **DISMISSED WITH PREJUDICE**.

### II.  BACKGROUND

Plaintiff filed this pro se Complaint in this action alleging that Defendant violated her rights

1

under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.* Docket No. 1. Specifically, Plaintiff avers that, after sustaining a back injury at work and going out on short term, then long term, disability leave, Defendant discriminated against her because of her disability, refused to provide her with reasonable accommodation, and wrongfully terminated her. *Id.* Plaintiff filed her EEOC Charge of Discrimination in April 2020, received her Right to Sue Letter on September 22, 2020, and filed the instant action on November 30, 2020. Docket Nos. 1, 1-1.

As grounds for its Motion, Defendant argues that Plaintiff cannot prevail upon her Americans with Disabilities Act ("ADA") claim because: (1) she was not a qualified individual with a disability since she was admittedly unable to perform the essential functions of her Fulfillment Associate position with or without reasonable accommodation; and (2) even if she could establish that she was a qualified individual with a disability, there is no record evidence that Defendant discriminated against her or failed to accommodate her alleged disability. Docket Nos. 42, 43. Defendant argues that "[t]o the contrary, Amazon went far beyond what the law requires" in that it "provided Plaintiff with *two years of leave* before it finally had no option but to terminate her employment." *Id.* (Emphasis original.) Defendant further asserts that "Plaintiff's own testimony and medical documentation reflect that at the time Amazon terminated her employment (and as of the date of her deposition) she remained unable to work in any capacity." *Id.*

Plaintiff has filed a Response to Defendant's Motion arguing that Defendant's assertion that she testified that at the time of termination she was unable to perform her job at any capacity is not true. Docket No. 45. Plaintiff argues that her monthly doctor's report "clearly shows" she could work with restrictions, but that Defendant refused to accommodate her restrictions. *Id.*

Plaintiff further argues that her injuries were caused by her work at Amazon, and that had she not injured her back at work, she "would have been able to work any job now." *Id.* Plaintiff contends that Defendant's Motion should be denied, stating, "At no point the doctors [*sic*] reports said I can not work, their reports always stated I can work with restriction/accommodation, yet Amazon offered no accommodation to put me to work, instead terminated [*sic*] me." *Id.*

Despite filing a Response to Defendant's Motion, Plaintiff has not filed a Response to Defendant's Statement of Undisputed Material Facts, nor has she filed her own Statement of Undisputed Facts.

Defendant has filed a Reply, arguing that despite her assertions, Plaintiff "is not a qualified individual with a disability—she has been unable to work, in any job for any company, for more than five years, including during the final two years of her employment with Defendant." Docket No. 46. Defendant asserts that the law is well-settled that "an indefinite leave of absence [is] not a reasonable accommodation." *Id.* Defendant also notes that Plaintiff has failed to respond to its Statement of Undisputed Material Facts, rendering them undisputed, such that there are no genuine issues of material fact, and they are entitled to judgment as a matter of law. *Id.* Defendant additionally maintains that "Plaintiff's attempt to adduce additional facts in her Response is critically deficient because she cites no record evidence to support them," as required, and further argues that "Plaintiff cannot defeat summary judgment by contradicting her own sworn testimony or by contesting facts that the Court has already deemed admitted." *Id.*

### III. UNDISPUTED FACTS[1]

Defendant operates a fulfillment center, known as BNA3, located in Murfreesboro, Tennessee. Docket No. 42-1, Declaration of Angela Lott ("Lott Decl."), ¶ 4. On or around August

---

[1] The following facts are in a form required by Fed. R. Civ. P. 56 and are undisputed.

3

Case 3:20-cv-01029    Document 47    Filed 08/25/23    Page 3 of 15 PageID #: 329

12, 2016, Plaintiff began working for Defendant as a Fulfillment Associate at the BNA3 fulfillment center. *Id.*, ¶ 5; Docket No. 42-2, excerpts from Plaintiff's Deposition (Plaintiff's Dep."), at 15:13-25, 17:22-24; Offer Letter, Exhibit 1 to Plaintiff's Dep.; Docket No. 1, Complaint, at 3. As a Fulfillment Associate, Plaintiff was required to lift up to 49 pounds, stand or walk continuously throughout the day, and frequently push, pull, squat, bend, and reach. Plaintiff's Dep. at 16:23-17:21; Job Description, Exhibit 2 to Plaintiff's Dep.

Plaintiff had a child in December 2016 and took maternity leave through the beginning of 2017. Plaintiff's Dep. at 17:25-18:15. Plaintiff returned to work in February 2017 with physical restrictions that Defendant accommodated with a Transitional Work Assignment ("TWA"). Lott Decl., ¶ 6.

In July 2017, Plaintiff's doctor lifted her physical restrictions but limited her to eight hours of work per day, which Defendant accommodated by continuing Plaintiff's TWA through February 2018. *Id.*, ¶ 7.

Plaintiff sought medical attention for back pain at some point in 2017. Plaintiff's Dep. at 65:10-18.

The last day Plaintiff physically worked at Defendant was February 24, 2018. Lott Dec., ¶ 8. On or about March 2, 2018, Plaintiff went out on leave due to her back pain. Plaintiff's Dep. at 18:16-23; Requests for Admission ("RFA") No. 1. Plaintiff never returned to work. RFA No. 2.

Initially, Defendant granted Plaintiff a medical leave of absence from March 2, 2018, through August 30, 2018. Plaintiff's Dep. at 74:11-25. Additionally, Plaintiff was approved for short-term disability benefits from March 2, 2018, through August 30, 2018. Plaintiff's Dep. at 40:12-19, 74:11-75:6.

Plaintiff underwent back surgery in November 2018. Plaintiff's Dep. at 18:19-23, 30:5-11,

65:7-9; Complaint at 9. After Plaintiff's back surgery in November 2018, her condition did not improve, and her pain remained the same. Plaintiff's Dep. at 30:12-15; Complaint at 9.

Defendant maintains a Medical Leave of Absence policy, providing that medical leave, in combination with other leaves, may provide an employee up to 26 weeks of leave during a rolling 12-month period. Lott Dec., ¶ 10; Medical Leave of Absence Policy, Ex. 1 to Lott Dec. Additional medical leave may be provided as an accommodation, but additional leave may be denied when it would cause an undue hardship or is not required by law. *Id.* The employee must return to work when their medical leave is scheduled to end or must obtain an approved extension before the leave's scheduled end date. *Id.* If the employee does not, Defendant may assume they have resigned their employment. *Id.*

As an accommodation, Defendant extended Plaintiff's leave of absence, which had expired on August 30, 2018, through November 20, 2019. Claim Status Summary, Ex. 8 to Plaintiff's Dep. Plaintiff additionally transitioned from short term disability to long term disability beginning in August 2018 and she remained on long term disability through August 2020. Plaintiff's Dep. at 40:20-23. As of January 2020, Plaintiff could not do anything; rather, she could only lie in bed as she could not even get up. *Id.* at 30:16-23; Complaint at 9.

On or about January 9, 2020, while still on leave, Plaintiff had an office visit with her pain management physician, Dr. Edward Osuigwe. *Id.* at 25:18-27:5; *Id.* at 7-8. Based on his examination, Dr. Osuigwe found that Plaintiff's condition was "unchanged," and she was not able to return to work, stating that her return-to-work date was "N/A." *Id.* at 26:20-27:12; *Id.* at 8. Plaintiff remained unable to perform her job duties as a Fulfillment Associate based on her doctor's recommendations. *Id.* at 51:25-52:5. She also remained unable to perform the job duties of any other warehouse position, with or without accommodation. *See* RFA Nos. 5, 8, 11, 14.

5

Beyond its Medical Leave of Absence policy, Defendant maintains an attendance policy which provides that absences covered by one of Defendant's Leave of Absence policies or Accommodations Policy will not result in Unpaid Time Off ("UPT") being deducted. Lott Dec., ¶ 11; Attendance (FC)-US Policy, Ex. 2 to Lott Dec. If an employee does not return from a leave of absence, they will incur absences against which any UPT will be applied, and this can result in the employee having a negative UPT balance. *Id.* If an employee's UPT balance becomes negative, however, and their time missed is not covered by any other time off policy, Defendant will review the employee's status for termination. *Id.*

Defendant terminated Plaintiff's employment effective February 22, 2020. Plaintiff's Dep. at 19:12-23, 40:24; Lott Dec. at ¶ 9. At the time of her termination, Plaintiff was in violation of Defendant's Medical Leave of Absence policy and Attendance policy because her approved leave of absence had expired in November 2019, and she was no longer on an approved leave of absence. Lott Dec. at ¶ 9. Plaintiff remained on Defendant's long term disability benefits through August 2020, however. Plaintiff's Dep. at 12:24-13:10, 20:22-21:1; Exhibit 4 to Plaintiff's Dep. at 2.

From the time Plaintiff went on leave in March 2018, through the time of her separation nearly two years later, on February 23, 2020, Plaintiff did not provide Defendant with a return-to-work date. RFA No. 18. Additionally, over the two years from the time Plaintiff went out on leave until her termination in February 2020, Plaintiff was unable to perform her job duties, including unloading carts, or those of any other warehouse position, with or without accommodation, and one physician who was treating her told her she "cannot perform any number of hours" of work. *See* RFA Nos. 5, 8, 11, 14; Exhibit 4 to Plaintiff's Dep. at 2. In fact, Plaintiff has not applied for, nor had, any jobs since 2020, because there is nothing within her limitations. Plaintiff's Dep. at 12:18-23, 13:11-17. At the time of her deposition in March 2023, Plaintiff still could not do

anything but lie in bed, as she was unable to even get up. *Id.* at 30:16-31:1, 57:23-58:22.

## IV. APPLICABLE LAW AND ANALYSIS

### A. Local Rules 56.01(c) and (f)

With regard to responses to the requisite Statement of Undisputed Facts filed contemporaneously in support of a Motion for Summary Judgment, Local Rules 56.01(c) and (f) state:

> **(c) Response to Statement of Facts**. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either:
>
> (1) Agreeing that the fact is undisputed;
>
> (2) Agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or
>
> (3) Demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record.
>
> The response must be made on the document provided by the movant or on another document in which the non- movant has reproduced the facts and citations verbatim as set forth by the movant. In either case, the non-movant must make a response to each fact set forth by the movant immediately below each fact set forth by the movant. Such response must be filed with the papers in opposition to the motion for summary judgment. In addition, the non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried. Each such disputed fact must be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute. A copy of the statement of additional disputed facts must also be provided to opposing counsel in an editable electronic format. Pro se parties are excused only from providing a copy of the statement of additional disputed material facts to opposing counsel in an editable electronic format, and such pro se parties must otherwise comply with the requirements of this section.
>
> . . .
>
> **(f) Failure to Respond.** If a timely response to a moving party's statement of

material facts, or a non-moving party's statement of additional facts, is not filed within the time periods provided by these rules, the asserted facts shall be deemed undisputed for purposes of summary judgment.

As has been noted, although Plaintiff filed a Response to the instant Motion, she has failed to respond to Defendant's Statement of Undisputed Material Facts. Accordingly, the facts contained therein are deemed undisputed for purposes of summary judgment.

Nevertheless, it would be inappropriate to grant Defendant's Motion solely on the ground that Plaintiff has failed to respond to its Statement of Undisputed Material Facts. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendant has met its burden under the appropriate summary judgment standards discussed below.

### B. Motion for Summary Judgment

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In

determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56(c)(1) sets forth the requirement to support factual assertions as follows:

**(c) Procedures.**

> **(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support that assertion by:
>
>> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

### C. The Americans with Disabilities Act ("ADA")

#### 1. Generally

The Americans with Disability Act ("ADA") protects employees from discrimination based on their disabilities, and provides, in part:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112.

#### 2. Prima Facie Case of Discrimination

In order to sustain an ADA claim, an employee must first make out a prima facie case of discrimination by establishing that:

1. she is an individual with a disability covered by the ADA;

2. she is otherwise qualified for the position, with or without reasonable accommodation;

3. she suffered an adverse employment decision;

4. the employer knew or had reason to know of the plaintiff's disability; and

5. the position remained open while the employer sought other applicants, or the disabled individual was replaced.

*Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1186 (6th Cir. 1996). *See also* 42 U.S.C. §§ 12111 and 12112.

### 3. Failure to Accommodate

In order to sustain a failure to accommodate claim under the ADA, an employee must first make out a prima facie case establishing that:

1. she is an individual with a disability covered by the ADA;

2. she is otherwise qualified to perform the essential functions of the job with or without a reasonable accommodation;

3. the employer was aware of the plaintiff's disability;

4. the plaintiff requested an accommodation; and

5. the employer failed to provide a reasonable accommodation for her disability.

*Brumley v. United Parcel Serv., Inc.,* 909 F.3d 834, 839 (6th Cir. 2018); *Johnson v. Cleveland City Sch. Dist.*, 443 F. App'x 974, 982-83 (6th Cir. 2011); *Ford v. Frame.*, 3 Fed. App'x. 316, 318 (6th Cir. 2001).

### 4. Evaluation Standards

A plaintiff may establish a claim of discrimination under the ADA either by introducing direct evidence of discrimination, or by proving circumstantial evidence that would support an inference of discrimination. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572 (6th Cir. 2000), *citing Kline v. Tennessee Valley Auth.*, 128 F.3d 337, 348 (6th Cir.1997). "The direct evidence and

the circumstantial evidence paths are mutually exclusive; a plaintiff need only prove one or the other, not both." *Id.*

Under the direct evidence approach, once the plaintiff introduces evidence that the employer terminated her because of her protected status, the burden of persuasion shifts to the employer to prove that it would have terminated the plaintiff even had it not been motivated by discrimination. *See, e.g., Johnson,* 215 F.3d at 572, *citing Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1081 (6th Cir. 1994), *citing Price Waterhouse v. Hopkins*, 490 U.S. 228, 244-45, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989).

If the plaintiff lacks direct evidence of discrimination, the circumstantial evidence approach is used and the *McDonnell Douglas-Burdine* tripartite test used in Title VII claims is employed. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), as later clarified by *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). The *McDonnell Douglas-Burdine* tripartite test requires the plaintiff to first establish a prima facie case of discrimination. *Id.* If the plaintiff is able to do so, a mandatory presumption of discrimination is created and the burden of production shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. *Id.* If the defendant carries this burden, the plaintiff must then show that the proffered reason was actually pretextual. *Id.* The plaintiff may establish pretext by showing that: (1) the stated reasons had no basis in fact; (2) the stated reasons were not the actual reasons; or (3) the stated reasons were insufficient to explain the defendant's action. *Id. See also, Cicero v. Borg-Warner Automotive, Inc.,* 280 F.3d 579, 589 (6th Cir. 2002). "A reason cannot be proved to be 'a pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 125 L. Ed.

2d 407 (1993).

D. The Case at Bar

As discussed above, in order to sustain her claim under the ADA, Plaintiff must first make out a prima facie case of discrimination by establishing that: (1) she is an individual with a disability covered by the ADA; (2) she is otherwise qualified for the position, with or without reasonable accommodation; (3) she suffered an adverse employment decision; (4) Defendant knew or had reason to know of Plaintiff's disability; and (5) the position remained open while Defendant sought other applicants, or Plaintiff was replaced. *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1186 (6th Cir. 1996). *See also* 42 U.S.C. §§ 12111 and 12112. Plaintiff has failed to so establish.

In the case at bar, the undisputed facts establish that for the two years between the time Plaintiff went out on leave until her termination in February 2020, Plaintiff was unable to perform her job duties or those of any other warehouse position, with or without accommodation, and it is further undisputed that one physician who was treating her told Plaintiff she "cannot perform any number of hours" of work. *See* RFA Nos. 5, 8, 11, 14; Exhibit 4 to Plaintiff's Dep. at 2. It is additionally undisputed that Plaintiff's physician found her condition to be "unchanged" and he noted that she was unable to return to work, indicating that her return to work date was "N/A." Plaintiff's Dep. at 26:20-27:12; Complaint, at 8.

It is also undisputed that Plaintiff has not applied for, or had, any jobs since 2020, because there is nothing within her limitations, and that, at the time of her deposition in March 2023, Plaintiff testified that still could not do anything but lie in bed, as she was unable to even get up. Plaintiff's Dep. at 12:18-23, 13:11-17, 30:16-31:1, 57:23-58:22. Thus, Plaintiff's own testimony demonstrates that she was not a "qualified individual with a disability" who could perform the

12

essential functions of any position at Defendant's warehouse, with or without accommodation. The law is well-settled that, if a plaintiff cannot show that she can perform the essential functions of a position, with or without accommodation, then she is not a "qualified individual with a disability" within the meaning of the ADA, and she cannot make out the requisite *prima facie* claim of discrimination. *See, e.g., Brickers v. Cleveland Bd. Of Educ.*, 145 F.3d 846, 850 (6th Cir. 1998).

Additionally, the undisputed facts further establish that Plaintiff transitioned from receiving short term disability benefits to receiving long term disability benefits beginning August 2018, and she continued to receive long term disability benefits through August 2020. Plaintiff's Dep. at 12:24-13:10, 20:22-21:1, 40:20-23. The fact that Plaintiff applied for, and received, long term disability benefits further demonstrates that she was not a qualified individual with a disability under the ADA, as an ADA plaintiff claiming to be "qualified" and able to work "cannot simply ignore the apparent contradiction that arises" when they also have a simultaneous long term disability claim. *See Williams v. London Util. Comm'n*, 375 F. 3d 424, 429 (6th Cir. 2004), *quoting Cleveland v. Policy Mgmt. Sys. Corp.,* 526 U.S. 795, 806 (1999). To survive Amazon's motion for summary judgment, the Plaintiff must provide an explanation sufficient to warrant a reasonable juror finding that, despite her statements that she is unable to work, she could nonetheless perform the essential functions of her job with reasonable accommodation. *See Cleveland,* 526 U. S. at 806-807; *see also Griffith v. Walmart Stores, Inc.,* 135 F. 3d 376, 383 (6th Cir. 1998).

The Plaintiff has not met this burden. Plaintiff's assertion in her response that she was able to work at the time she was on short term disability is both unsupported by the evidence and contradicted by her deposition testimony. Docket No. 44, ¶¶ 14, 23 and 24. It is Plaintiff's deposition testimony rather than her current unsupported assertions that is in fact consistent with

13

statements made in support of her long-term disability benefits. Because Plaintiff has provided no explanation for the inconsistency, the undersigned finds that the Plaintiff cannot prove she was qualified for employment and fails to meet this element of her prima facie case.

With regard to Plaintiff's failure to accommodate claim, in order for her to prevail on that claim, Plaintiff must establish that she is an individual with a disability covered by the ADA; she is otherwise qualified to perform the essential functions of the job with or without a reasonable accommodation; Defendant was aware of her disability; she requested an accommodation; and Defendant failed to provide a reasonable accommodation for her disability. *Brumley v. United Parcel Serv., Inc.,* 909 F.3d 834, 839 (6th Cir. 2018); *Johnson v. Cleveland City Sch. Dist.*, 443 F. App'x 974, 982-83 (6th Cir. 2011); *Ford v. Frame.*, 3 Fed. App'x. 316, 318 (6th Cir. 2001).

As discussed above, Plaintiff cannot establish that she is a qualified individual with a disability able to perform the essential functions of her job with or without reasonable accommodation. Moreover, the undisputed facts establish that Defendant provided Plaintiff with two years of leave before terminating Plaintiff in accordance with its Medical Leave of Absence and Attendance policies. Lott Dec., ¶¶ 9, 10, 11; Exs. 1, 2. The undisputed facts further establish that at the time of her termination, Plaintiff remained totally impaired and unable to work or estimate a return-to-work date, and that at the time of her deposition, Plaintiff admitted that she had been unable to work since her termination and remained unable to work. *See* Plaintiff's Dep. at 12:18-23, 13:11-17, 18:16-23, 19:12-23, 30:16-31:1, 40:24-41:1, 57:23-58:22, 74:11-25 and Exs. 4, 8 thereto; RFA 1, 2, 5, 8, 11, 14, 18. The law is well-settled that unlimited leave is not a reasonable accommodation as a matter of law. *See, e.g., Williams*, 847 F.3d at 394; *Walsh v. United Parcel Serv.*, 201 F.3d 718, 727 (6th Cir. 2000); *Maat v. Cnty. of Ottawa*, 657 F. App'x 404, 412-13 (6th Cir. 2016); *Aston v. Tapco Int'l Corp.*, 631 F. App'x 292, 298 (6th Cir. 2015). Accordingly,

Plaintiff likewise cannot establish her failure to accommodate claim, and Defendant is entitled to a judgment as a matter of law.²

## VI. CONCLUSION

For the foregoing reasons, the undersigned finds that there are no genuine issues of material fact, and that Defendant is entitled to a judgment as a matter of law on Plaintiff's claims under the ADA. The undersigned therefore recommends that Defendant's Motion for Summary Judgment (Docket No. 42) be **GRANTED**. In light of the foregoing, the undersigned recommends that this action be **DISMISSED WITH PREJUDICE**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

---

² Inasmuch as Plaintiff, in her Response to the instant Motion, attempts to introduce new assertions that contradict her sworn testimony and admissions, Plaintiff cannot do so. Plaintiff's new assertions are conclusory, contradictory, and wholly unsupported by the record or any citations thereto. Furthermore, Plaintiff's assertions are not in conformance with either the Local or Federal 6Rules. *See* Local Rule 56.01(c) and Fed. R. Civ. P. 56.